# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Martinsburg

**WILLIAM A. TACCINO** and
**MARLENE M. TACCINO**,

      Plaintiffs,

  v.                              Civil Action No. 3:08-CV-185
                                        (Judge Bailey)

**HOMEQ SERVICES, MANCINI &
ASSOCIATES, US BANK, NA,
MORRIS, SCHNEIDER, PRIOR,
JOHNSON & FREEDMAN, G.
DOUGLAS REINHARD**, Atty.,
**RICK CONNER**, and **EXPRESS
MORTGAGE FINANCIAL SERVICES, P.C.**,

      Defendants.

## *ROSEBORO* NOTICE AND ORDER VACATING SCHEDULING ORDER

Pending before this Court are various motions to dismiss and motions for summary judgment. The Court notes that the plaintiffs are proceeding *pro se.* This Court has a mandatory duty to advise the plaintiffs of their right to file responsive material, and to alert them to the fact that failure to so respond might result in the entry of an order of dismissal against them. ***Davis v. Zahradrich***, 600 F.2d 458, 460 (4th Cir. 1979); ***Roseboro v. Garrison***, 528 F2d 309, 310 (4th Cir. 1975). The plaintiffs are so advised.

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well pleaded material factual allegations. ***Advanced Health-Care Services, Inc. v. Radford Community Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the Complaint to be true, and construing the allegations in the light most

favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the Complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Conley v. Gibson*, 355 U.S.41, 45-46 (1957).

Summary judgment is appropriate "if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party is required "to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id*. at 322. When a moving party supports its motion under Rule 56 with affidavits and other appropriate materials pursuant to the rule, the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . the response . . . by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted).

Therefore, within thirty (30) days of the date of entry of this Order, the *pro se* plaintiffs shall file any opposition to the defendant's motions explaining why their Complaint

should not be dismissed and/or judgment be entered against them.

This Court notes the plaintiffs have filed responses to the defendants' motions. This Court, in providing this *Roseboro* notice, seeks to make the plaintiffs aware of their rights to file any supporting affidavits or other evidence in further support of their responsive materials to the extent that they are permitted under the standards set forth above.

Next, this Court notes that William Taccino has included Marlene Taccino as a plaintiff using an undisclosed power of attorney. This Court, however, notes that Marlene Taccino has signed none of the documents filed by the plaintiffs; as all have been signed by William Taccino as power of attorney. Significantly, all mail sent by this Court to Marlene Taccino at her given address has been returned as undeliverable. See Docs. 18, 19, 27, 32, 46, 51, and 58. Accordingly, within the same thirty (30) days within which the plaintiffs have been afforded pursuant to this *Roseboro* notice, this Court hereby **ORDERS** William Taccino to submit to this Court a copy of the power of attorney for Marlene Taccino.

As a final matter, this Court hereby **VACATES** the March 16, 2009, Scheduling Order **[Doc. 13]**, pending resolution of the matters set forth herein.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* plaintiffs.

**DATED:** January 6, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE